CYNTHIA M. JUDY
8882 Dyer Road
Prunedale, CA  93907-8780
(831) 663-8851
State Bar No. 169648

TIMOTHY R. VOLKMANN
BURTON, VOLKMANN & SCHMAL, LLP
133 Mission Street, Suite 102
Santa Cruz, CA 95060
(831) 425-5023
Facsimile (831) 427-3159
State Bar No. 098280

Attorneys for Plaintiff
REVOLUTIONARY SOFTWARE, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REVOLUTIONARY SOFTWARE, INC., | Case No.: C05-03127 JW |
| Plaintiff, | **PLAINTIFF REVOLUTIONARY SOFTWARE'S OBJECTION TO APPOINTMENT OF SPECIAL MASTER** |
| vs. | |
| ECLIPSYS CORPORATION, a corporation; and DOES ONE through TEN, inclusive, | |
| Defendants. | |

Plaintiff Revolutionary Software, Inc. respectfully files this Objection to the proposed appointment of a special master in this case.

BACKGROUND

In the Joint Case Management Statement submitted for the October 16, 2006 Case Management Conference in this case, Defendant Eclipsys' counsel indicated that Eclipsys would bring a motion to have a special master assigned to this case, and after a discussion at the Case Management Conference, the Court concurred with defendant's counsel that it would be helpful to

Plaintiff's Objection to Appointment of Special Master                                    CASE NO. C05-03127 JW

1   have a special master appointed in this case immediately.  The parties were instructed to nominate
2   three special master candidates each, and those names were filed with the Court on October 26,
3   2006.
4       At the November 20, 2006 Further Case Management Conference, the Court announced its
5   intention to appoint a special master with technical expertise to provide technical advice to the
6   Court.  The Court filed a Notice of Intent to Appoint a Special Master on December 11, 2006 and
7   solicited objections to the appointment of A. J. Nichols, Ph.D. as special master within ten days.
8       OBJECTION
9       1)    Plaintiff Objects to Appointment of Special Master
10      Plaintiff objects to appointment of a special master prior to defendant's production of
11  accounting records and other documentary evidence indicative of the breach of contract and
12  conversion issues in question.  Plaintiff suggests that the issue of what products are covered by the
13  Software License Agreement and their origins does not rise to a level so complex and technical as to
14  require a special master at this time, if at all.  Plaintiff contends that dispositive and discoverable
15  Eclipsys documents, including licensing agreements, employment contracts, filed copyrights,
16  nondisclosure agreements, among others, do not require the expertise of or interpretation by a
17  technical master at this time.  Documents which defendant has agreed to produce subject to a
18  protective order will further demonstrate the lack of necessity for a technical master because the
19  documents themselves will be dispositive of the issues.  Plaintiff objects to the appointment of a
20  special master now, with the proposed charge, as premature.
21      2)    Plaintiff Objects to the Proposed Charge to the Special Master
22      Plaintiff objects to the second part of the special master's charge, "to evaluate the source
23  code and its derivatives as used under the terms of the agreement."  The content of plaintiff's and
24  defendant's source code is not at issue now.  There are no allegations of copyright infringement in
25  this case.  Rather, plaintiff alleges that defendant licensed and sold its software, source code, and
26  rights to its source code without plaintiff's permission.
27      Under the terms of the license agreement, use of the source code in any way by Eclipsys was
28  prohibited.  The license agreement specified that plaintiff's source code was to be kept inviolate in

Plaintiff's Objection to Appointment of Special Master    CASE NO. C05-03127 JW

an escrow account and protected from unauthorized access.   Plaintiff contends that technical examination of either the plaintiff's or the defendant's source code cannot resolve any of the issues involved in this case.

### 3.     Plaintiff Objects to the Proposed Fee Provisions

Plaintiff objects to the Court's apportionment of costs on a per capita basis and requests that the Court shift the costs of the special master's services to Eclipsys.  Defendant Eclipsys has a myriad of products of numerous names and origins.  In contrast, plaintiff has only one product at issue, and explaining its uses and functions and capabilities is straightforward.

Giving consideration to plaintiff's size and resources compared to those of defendant Eclipsys, the burden of costs should be shifted more to Defendant Eclipsys.  Plaintiff believes the cost-shifting considerations in other cases involving highly technical, expensive, and unwanted discovery should apply here, and that defendant Eclipsys be required to bear more of the expense of the special master's services.  (*See*, e.g., Zubulake v. UBS Warburg, 217 F.R.D. 309 (S.D.N.Y. 2003),  Rowe Entertainment, Inc. v. William Morris Agency, 205 F.R.D. 421 (S.D.N.Y. 2002).)

### CONCLUSION

Plaintiff respectfully requests that the Court reconsider the need to appoint a special master at this time, revise and clarify the charge to the special master, and shift fees for the special master's services to the defendant.

DATED:  December 21, 2006

                                                              /s/

CYNTHIA M. JUDY
Attorney for Plaintiff
REVOLUTIONARY SOFTWARE, INC.