1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                            NORTHERN DISTRICT OF CALIFORNIA

10                                   SAN JOSE DIVISION

11   REVOLUTIONARY SOFTWARE, INC.,   )        Case No.: C 05-3127 JW (PVT)
                                     )
12              Plaintiff,           )        **ORDER RE PARTIES' PROPOSED**
                                     )        **FORM OF PROTECTIVE ORDER**
13         v.                        )
                                     )
14   ECLIPSYS CORPORATION,           )
                                     )
15              Defendant.           )
     _____)

16

17         On February 9, 2007, the parties filed a [Proposed] Stipulated Protective Order.  Having

18   reviewed the form of protective order submitted by the parties, the court finds it appropriate to issue

19   this interim order.

20         IT IS HEREBY ORDERED that, no later than March 9, 2006, the parties shall file a revised

21   form of protective order that makes the following changes:

22         1.    Describes the information that may be designated as "CONFIDENTIAL" as
                 "information (regardless of how generated, stored or maintained) or tangible things
23               that qualify for protection under standards developed under F.R.Civ.P. 26(c)" without
                 further elaboration or examples;

24

25         2.    Describes the information that may be designated as "CONFIDENTIAL –
                 ATTORNEYS AND CONSULTANTS ONLY" as "extremely sensitive Confidential
                 information whose disclosure to another party or nonparty would create a substantial
26               risk of serious injury that could not be avoided by less restrictive means";

27         3.    Revises lines 24 & 25 on page 4 to read "In the event any party hereto designates
                 source code CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY, such
28               source code"

4.    Revises the sentence beginning in the middle of line 13 on page 5 to read "If warranted under Federal Rules of Civil Procedure 26(c), this information may be designated CONFIDENTIAL under this Protective Order, in which case it shall be used solely for the purpose of determining whether any conflicts exist that would cause any designating party (including designating non-parties) to object to the disclosure of designated material to that individual";

5.    Omits subparagraph (e) from Paragraph 7.[1]

6.    Revises Paragraph 9 to provide that a party seeking to elicit at any hearing, or other court proceeding, testimony regarding information that has been designated confidential by another party shall request from the judge presiding at the hearing or other court proceeding an order protecting the information;

7.    Revises Paragraph 11 to provide that a party seeking to file any document that discloses information designated confidential must follow the procedures set for under Civil Local Rule 79-5;

8.    Revises the last sentence of Paragraph 12 to read "Such disclosure shall not waive the protections of this Protective Order, and shall not entitle other parties or their attorneys to disclose such information or documents, absent written agreement of the designating party (or designating non-party) or order of the court finding that the information no longer warrants protection under Federal Rules of Civil Procedure 26(c);

9.    Omits the words "hearing or other proceeding" from Paragraph 13.[2]

10.   Revises subparagraph 14(a)(6) to read "prevent the designating party (or designating non-party) from agreeing in writing or on the record during a deposition or hearing in this action to waive the provisions or protections provided for herein with respect to any particular information or material";

11.   Adds the words "in writing" after the first instance of the word "agree" on line 19 of page 10;

12.   Omits paragraph 21;[3]

13.   Adds the words "so long as the judge presiding at the proceeding or appeal has issued an order protecting the information, and it has not actually been disclosed in open court" after the word "use" on line 6 of page 13;

---

[1]    The determination of whether a courtroom will be closed during any testimony, or whether testimony taken during any court proceeding will be sealed, will be made by the judge presiding at the hearing or other court proceeding.

[2]    The handling of designated materials during hearings and other court proceedings will be determined by the judge presiding at the hearing or other court proceeding.

[3]    Blanket protective orders are intended only to facilitate application of the protections afforded under Federal Rules of Civil Procedure 26(c), which does not address the standards applicable to inadvertent production of privileged or work product information.  Any inadvertent production of privileged or work product information will be handled in accordance with the standards developed by the courts for those situations.  *See, e.g., Hartford Fire Ins. Co. v. Garvey*, 109 F.R.D. 323, 331-32 (N.D.Cal. 1985).

14.   Adds the words "request that the judge presiding at the proceeding issue an order adopting such procedures" after the word "shall" on line 8 of page 13 and omits the remainder of that sentence; and

15.   Replaces the words "respond by setting forth" on line 23 of page 13 with the words "notify the party seeking access to the information or material of".

IT IS FURTHER ORDERED that, pending entry of the final form of protective order, the provisions of the parties' proposed form of protective order, as modified herein, shall govern the handling of confidential information exchanged or disclosed during discovery in this case.

Dated: *2/26/07*

PATRICIA V. TRUMBULL
United States Magistrate Judge