GIBSON, DUNN & CRUTCHER LLP
DENIS R. SALMON, SBN 072500
MICHAEL B. SMITH, SBN 235764
JOSEPH W. GUZZETTA, SBN 233560
1881 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

Attorneys for Defendant
ECLIPSYS CORPORATION


BURTON VOLKMANN & SCHMAL
TIMOTHY R. VOLKMANN, SBN 098280
133 Mission Street, Suite 102
Santa Cruz, CA  95060
Telephone:  (831) 425-5023
Facsimile:  (831) 427-3159

CYNTHIA M. JUDY, SBN 169648
8882 Dyer Road
Prunedale, California  93907
Telephone:  (831) 663-8851

Attorneys for Plaintiff
REVOLUTIONARY SOFTWARE, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REVOLUTIONARY SOFTWARE, INC., a California Corporation<br><br>              Plaintiff,<br><br>      v.<br><br>ECLIPSYS CORPORATION, a Delaware Corporation<br><br>              Defendant. | CASE NO. C-05-03127 JW<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER |

Plaintiff Revolutionary Software, Inc. ("RSW"), and defendant Eclipsys Corporation ("Eclipsys"), by and through their respective counsel, stipulate, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("FRCP"), that the Court may enter the following Protective Order:

1. Introduction and Scope.

This Protective Order shall govern any designated information produced in this action, including: all designated pleadings, motions and other papers submitted to the Court in this action; all designated deposition testimony; all designated testimony taken at a hearing or other proceeding; all designated interrogatory answers; all designated admissions per requests for admissions; all designated documents and other discovery materials, whether produced informally, in mediation or in response to interrogatories, requests for admissions, requests for production of documents, or other formal methods of discovery, or as part of any disclosure required by FRCP 26 or the Civil Local Rules.

2. Designation.

Each party shall have the right to designate as confidential and subject to this Protective Order any information, document or portion of any document produced by that party in this litigation which contains trade secrets or other confidential technical, business or financial information. This designation shall be made by stamping each page of the document containing confidential information with the legend CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY prior to production of that information or, if inadvertently produced without such legend, by promptly furnishing written notice to the receiving party that the information or document shall be CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY under this Protective Order, along with appropriately labeled copies of the documents in question. With respect to all materials provided for inspection by a party's counsel, designation by stamping or labeling as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY need not be made until copies of the materials are requested after inspection and selection by counsel. Making documents and things available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials provided for inspection by a

party's counsel shall be treated as though designated as CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY at the time of the inspection. The terms of this Protective Order shall apply to all manner and means of discovery, including entry onto land or premises, and inspection of books, records, documents, and tangible things.

3. <u>Limit on Use of Designated Information</u>.

Each party and all persons bound by the terms of this Protective Order shall use any information or document governed by this Protective Order only for the purpose of prosecution or defense of this action; no party or other person shall use any information or document governed by this Protective Order for any purpose other than the prosecution or defense of this action. The attorneys of record for the parties shall exercise reasonable care to insure that the information and documents governed by this Protective Order are (i) used only for the purposes specified herein, and (ii) disclosed only to authorized persons.

4. <u>CONFIDENTIAL Material</u>.

CONFIDENTIAL information is information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under the standards developed under F.R.Civ.P. 26(c). Except as otherwise provided by written stipulation of the parties or by further order of the Court, documents or information designated as CONFIDENTIAL shall be disclosed only on a need-to-know basis and only to:

(a) the parties to this action, including employees of the parties whose assistance is needed by counsel for the purposes of this litigation;

(b) attorneys of record for the parties and their authorized regular and temporary secretarial and legal assistant staff;

(c) the Court and Court personnel as provided in Paragraph 11;

(d) court reporters employed in connection with this action;

(e) consultants and experts and their staff retained by the parties or their attorneys or appointed by the Court for purposes of this litigation; and

(f)    graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this action.

No documents or information designated as CONFIDENTIAL shall be disclosed to any third party except by written stipulation of the parties or by order of the Court.

5.    <u>CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY Material</u>.

CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY information is information that is extremely sensitive Confidential information whose disclosure to another party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means. Documents or information designated as CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY shall be disclosed only to:

(a)    attorneys of record for the parties and their authorized regular and temporary secretarial and legal assistant staff;

(b)    the Court and Court personnel as provided in Paragraph 11;

(c)    court reporters employed in connection with this action;

(d)    consultants and experts and their staff retained by the parties or their attorneys or appointed by the Court for purposes of this litigation; and

(e)    graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this action.

Because discovery conducted under this Protective Order permits attorneys of record potential access to trade secret information about the design and operation of current and possible future products of opposing parties, no attorney shall disclose documents or information designated as CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY to any third party or to any party to this action or to any officer, director or employee of any party, except by written stipulation of the parties or by order of the Court. The parties currently contemplate that only source code and extremely sensitive information whose disclosure to another party or nonparty would create a substantial risk of serious injury shall be designated CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY. In the event that either party shall seek to designate material other than

source code as CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY, the party seeking to designate such material shall notify all other parties of its intent to do so and the basis for the designation as soon as is practicable and in no event later than the date of production of any material so designated.

In the event any party hereto designates source code CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY, such source code shall be kept securely in either the offices of counsel of record for the receiving party or of a consultant otherwise appointed or authorized by the Court to review that source code; and may be reviewed by counsel of record and experts and consultants, as described and regulated in subparagraphs (a) and (d), above. Counsel may permit a party to this litigation to review source code only upon the written stipulation of the producing party. Counsel of record and experts and consultants may not make any copies of that source code.

6. <u>Identification of Experts and Consultants</u>.

A party desiring to disclose documents or things designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY to outside experts or outside consultants under Paragraphs 4(a), 4(b), 4(c), 4(d), 4(e), 5(a), 5(b), 5(c) or 5(d) above shall first obtain from each expert or consultant a signed undertaking in the form of Exhibit A hereto and a current resume (curriculum vitae). That party shall serve a copy of the undertaking and resume upon counsel for the designating party along with a cover letter disclosing each person or company for whom the individual has done work in the past two years, is currently engaged in doing work, or has a contract or agreement to do work in the future. If warranted under Federal Rules of Civil Procedure 26(c), this information may be designated CONFIDENTIAL under this Protective Order, in which case it shall be used solely for the purpose of determining whether any conflicts exist that would cause any designating party (including designating non-parties) to object to the disclosure of designated material to that individual. The producing party shall then have five business days to serve a written objection to such disclosure. Any written objection shall state with specificity the reason(s) for such objection. If counsel for the producing party objects within five business days, the receiving party shall not disclose such information to that expert or consultant except by the parties'

agreement or further order of the Court pursuant to resolution of a motion brought by counsel for the receiving party. If within the five-day period the producing party objects to the disclosure, counsel shall consult with each other to reach an agreement. Failing that and for good cause shown, the party proposing the expert or consultant may file a motion seeking permission to make the disclosure. On any such motion, the producing party shall bear the burden of showing why disclosure to that expert or consultant should be precluded.

For purposes of this paragraph, a consultant or expert means a person who is neither an employee of a party nor anticipated to become an employee in the near future, and who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a party.

7.   Related Documents.

Documents and information designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY shall include (a) all copies, extracts and complete or partial summaries prepared from such documents or information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda or any other writing filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; and (d) deposition testimony designated in accordance with Paragraph 8 below.

8.   Designation of Deposition Transcripts.

A party may designate deposition transcripts, or portions thereof, as subject to this Protective Order either (1) at the time of such deposition, in which case the reporter shall bind the transcript of the designated testimony in a separate volume and marked CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY, as the designating party may direct, or (2) within 14 days following receipt of the deposition transcript by providing written notice to the reporter and all counsel of record, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating party. All deposition transcripts not previously designated shall be treated as if designated

CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY by the party employing or who did employ that witness for a period of 14 days after receipt of the transcript. The designating party shall have the right to exclude the following persons from a deposition before the taking of testimony which the designating party designates as subject to this Protective Order: (a) as to testimony designated as CONFIDENTIAL, all persons except counsel of record, the deponent, any consultant or expert retained for purposes of this litigation, and a designated representative of a party, provided the party has the requisite need to know; and (b) as to testimony designated as CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY, all persons except counsel of record for the deponent, the deponent, and any retained consultants or experts identified and approved pursuant to Paragraph 6 hereof.

9. <u>Designation of Hearing Testimony or Argument</u>.

With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of information that should be kept CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY, counsel shall seek from the Court an order protecting that information, including a designation on the record prior to such disclosure that the disclosure is CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY and/or the exclusion from the courtroom of any person who is not entitled under this Protective Order to receive information designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY.

10. <u>Disclosure to Author or Recipient</u>.

Notwithstanding any other provisions of this Protective Order, nothing herein shall prohibit counsel for a party from disclosing a document, whether designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY, to (a) any person whom the document clearly identifies as an author, addressee, or carbon copy recipient of such document; (b) any individual who in the normal course of business comes in contact with the document, or (c) in the case of a contract, purchase order, or other document governing the business relationship between

Eclipsys and a third party, any employee or former employee of that third party who dealt directly with the subject matter of that document in the ordinary course of his or her employment by that third party, provided that prior to any disclosure of confidential information to any individual identified in 10(c), the party seeking to disclose such information shall first obtain from that individual a signed undertaking in the form of Exhibit A hereto. Regardless of designation pursuant to this Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with that witness without revealing any portion of the document or testimony other than that which specifically refers to such conduct or statement, and that discussion shall not constitute disclosure within the terms of Paragraphs 4 or 5 above.

11.   Designation of Documents Under Seal.

A party seeking to file any document that discloses information designated CONFIDENTIAL must follow the procedures set forth under Civil Local Rule 79-5.

12.   Confidentiality of Party's Own Documents.

No person may disclose, in public or private, any designated information or documents except as provided for in this Protective Order; but nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, consultants or experts, or to any other person, information or documents that party designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY. Such disclosure shall not waive the protections of this Protective Order, and shall not entitle other parties or their attorneys to disclose such information or documents, absent written agreement of the designating party (or designating non-party) or order from the court finding that the information no longer warrants protection under Federal Rules of Civil Procedure 26(c).

13.   Preparation of Witness and Exhibit Designation.

Any party may mark any designated material as an exhibit to a deposition and examine any witness thereon, provided the exhibit and related transcript pages receive the same type of confidentiality designation as the original document.

14. <u>Other Protections; Challenge to Confidentiality Destination</u>.

(a) This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as that party may consider appropriate. Nor shall this Protective Order preclude any party from (i) claiming that any matter designated hereunder is not entitled to the protections of this Protective Order, (ii) applying to the Court for an Order permitting a disclosure or use of information or documents otherwise prohibited by this Protective Order, or (iii) applying for an Order modifying this Protective Order in any respect. No party shall be obligated to challenge the propriety of any confidentiality designation and failure to do so shall not preclude a subsequent attack on the propriety of such designation. Furthermore, entering into or agreeing to produce or receive, and/or actually producing or receiving, information or material designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY, or otherwise complying with the terms of this Protective Order shall not:

(1) operate as an admission by any party that any particular information or material designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

(2) operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY;

(3) prejudice in any way the rights of the parties to object to the production of documents that the parties consider not subject to discovery, even as subject to this Protective Order;

(4) prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

(5) prejudice in any way the rights of a party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order; or

(6) prevent the designating party (or designating non-party) from agreeing in writing or on the record during a deposition or hearing in this action to waive the provisions or protections provided for herein with respect to any particular information or material.

(b) On any motions challenging the designation of any document or other record of information as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY, the burden of justifying the designation shall lie with the designating party.

(c) This Protective Order does not preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the FRCP.

15. Prior or Public Knowledge.

The restrictions and obligations set forth herein relating to documents and things marked CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY shall not apply to any information which the parties agree in writing, or if unable to agree, the Court determines: (a) was or becomes public knowledge other than as a result of disclosure by the receiving party; or (b) has come or shall come into the receiving party's lawful possession independently of the producing party. Such restrictions and obligations shall not be deemed to prohibit discussions with any person about any documents or things marked CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY if that person already had or obtained lawful possession thereof other than pursuant to this Protective Order. Nothing in this Protective Order shall affect or restrict use or disclosure of documents or things obtained other than through discovery pursuant to this Protective Order.

16. Non-Party Material.

The terms of this Protective Order are applicable to CONFIDENTIAL and CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY information disclosed by a non-party, and such information produced by a non-party in connection with this litigation is protected by the remedies and relief provided by this Protective Order. A non-party providing information to all the parties

through either formal or informal discovery means shall a), if subpoenaed, have a copy of this Protective Order included with the subpoena, b) have the same right as a party to designate any such information under this Protective Order, and c) shall have standing to enforce the terms of this Protective Order with respect to disclosure and use of that non-party's designated information. To the extend that any information disclosed by a non-party constitutes or contains confidential information pertaining to either party, that party may, within ten (10) business days of receiving that information, designate it as confidential pursuant to Paragraph 2, above. The provisions of Paragraph 20 shall apply equally to information produced by a non-party but not timely designated by a party.

17. Security of Designated Information.

The parties shall keep all CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY information and material covered by this Protective Order in secure facilities, which may be the offices of parties' outside counsel of record, and shall permit only to those designated persons set forth in Paragraphs 4 and 5 above to have access to those facilities.

18. Return of Designated Information.

Upon final termination of this action, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble and return all designated material, including all copies, extracts and summaries thereof, to the party from whom the designated material was obtained, except that counsel may retain or destroy any documents or copies which contain or constitute attorney work product.

19. Waiver or Termination of Order.

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by the written stipulation executed by counsel of record for each designating party, or by a stipulated statement made on the record during a deposition or hearing in this action, or by an order of the Court for good cause shown. The restrictions provided for herein shall not terminate upon the conclusion of this lawsuit, but shall continue until further Order of this Court.

20. Inadvertent Production of Confidential Information.

If a party inadvertently produces CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS

AND CONSULTANTS ONLY information without marking that information as such, the receiving party may disclose that information to others until the receiving party becomes aware of the error, unless it appears from the face of the document that it contains non-public, confidential, proprietary, commercially sensitive, or trade secret information of the producing party. As soon as the receiving party becomes aware of the inadvertent production, the information must be treated as if it had been timely designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document which the receiving party distributed or disclosed to persons not authorized to access such information by Paragraphs 4 or 5 above, as well as any copies made by such persons.

21. <u>Continuing Jurisdiction</u>.

This Protective Order is ongoing and shall survive termination of this lawsuit. The U.S. District Court for the Northern District of California shall retain jurisdiction to enforce the Protective Order even after termination of this lawsuit.

22. <u>Use of Confidential Material in this Action</u>.

In the event that any information or material designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY hereunder is used in any court proceeding in this action or any appeal therefrom, such information or material shall not lose its status as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY through such use so long as the judge presiding at the proceeding or appeal has issued an order protecting the information, and it has not actually been disclosed in open court. Counsel for the parties shall confer to determine such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings, and shall request that the judge presiding at the proceeding issue an order adopting such procedures.

23. <u>Third Party Requests for Confidential Information</u>.

If any party (a) is subpoenaed in another action, (b) is served with a demand in another action to which said party is a party, or (c) is served with any other legal process by one not a party to this action, seeking information or material which was produced or designated as CONFIDENTIAL or

CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY by someone other than that party, the party shall give prompt written notice, as well as a copy of the subpoena, demand, or legal process, by hand or facsimile transmission, within 10 days of receipt of such subpoena, demand or legal process, to those who produced or designated the information or material CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY and shall object to production of said information or material to the extent permitted by law or, to the extent permitted by law, permit and not object to the party wishing to object to production to intervene and so object. Should the person seeking access to the information or material take action against the party or anyone else covered by this Protective Order to enforce such a subpoena, demand or other legal process, the party shall notify the party seeking access to the information or material of the existence of this Protective Order. Nothing herein shall be construed as requiring the party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

```
 1  DATED: March 7, 2007                    CYNTHIA M. JUDY
 2
 3
                                            By:_____
 4                                              Cynthia M. Judy

 5                                          Attorneys for Plaintiff
                                            REVOLUTIONARY SOFTWARE, INC.
 6

 7

 8
    DATED: March 7, 2007                    GIBSON, DUNN & CRUTCHER LLP
 9

10

11                                          By:_____
                                                Michael B. Smith
12

13                                          Attorneys for Defendant
                                            ECLIPSYS CORPORATION
14

15

16
    APPROVED AND SO ORDERED:
17

18
    Dated: March 22, 2007                   _____
19                                          The Hon. Patricia V. Trumbull,
                                            U.S. Magistrate Judge
20

21

22

23

24

25

26

27

28
```

DATED: March 7, 2007                CYNTHIA M. JUDY


                                    By: *Cynthia M. Judy* (signature)
                                        Cynthia M. Judy

                                    Attorneys for Plaintiff
                                    REVOLUTIONARY SOFTWARE, INC.


DATED: March 7, 2007                GIBSON, DUNN & CRUTCHER LLP


                                    By: _____
                                            Michael B. Smith

                                    Attorneys for Defendant
                                    ECLIPSYS CORPORATION



APPROVED AND SO ORDERED:

Dated: March __, 2007
                                    _____
                                    The Hon. Patricia V. Trumbull,
                                    U.S. Magistrate Judge

# EXHIBIT A

I, _____, declare under penalty of perjury under the laws of the United States of America that:

1. My address is: _____
   _____

2. My present employer is: _____

3. My present occupation or job description is: _____
   _____
   _____

I HEREBY CERTIFY AND AGREE that I (a) have read and understood the terms of the Protective Order ("Order") in the matter of *Revolutionary Software, Inc. v. Eclipsys Corporation*, pending in the U.S. District Court for the Northern District of California, Case No. C-05-03127 (JW), (b) will not use or disclose to anyone any of the contents of any CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY information designated under the Order except for purposes explicitly allowed by the Order, and (c) agree to be bound by the terms and conditions of the Order.

If I have been retained as an independent expert or consultant pursuant to paragraph 4(c) of the Order, I understand that I am to retain all copies of any of the materials that I receive, which have been designated under the Order, in a container, cabinet, drawer, room or other safe place that limits access to the materials and that all copies are to remain in my custody until I have completed my duties, whereupon the copies are to be returned to outside counsel or destroyed as specified in the Order. I acknowledge that the return or subsequent destruction of such materials shall not relieve me from any of the continuing confidentiality obligations imposed upon me by the Order.

Dated: _____        Signed: _____

100165281_2.DOC