UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REVOLUTIONARY SOFTWARE, INC., | Case No.: C 05-3127 JW (PVT) |
| Plaintiff, | **ORDER RE DEFENDANT'S MOTION TO COMPEL** |
| v. | |
| ECLIPSYS CORPORATION, | |
| Defendant. | |

On May 29, 2007, the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing on Defendant's Motion to Compel.[1] Based on the briefs and arguments presented,

IT IS HEREBY ORDERED that Defendant's motion to compel further production of communications between Plaintiff and its counsel is DENIED.

The court agrees that Plaintiff waived the attorney-client privilege as to the documents that it actually produced to Defendant. The California Evidence Code provides that the attorney-client privilege "is waived with respect to a communication protected by the privilege if any holder of the privilege, without coercion, has disclosed a significant part of the communication or has consented to disclosure made by anyone." *See* CAL.EVID.CODE § 912(a). California courts have noted that waiver can result from "conduct that is inconsistent with claiming the privilege." *See, e.g.,*

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

*McKesson HBOC, Inc. v. Superior Court*, 115 Cal.App.4th 1229, 1239 (2004).

    Here, there is no evidence that Plaintiff ever sought return of the two privileged documents. Moreover, Plaintiff has allowed those documents to remain in this court's public file without ever seeking to have them placed under seal or otherwise protect them from public disclosure. Thus, regardless of whether there was a waiver of privilege before this motion was filed, Plaintiff's conduct since the filing of this motion is inconsistent with a claim of privilege, and is thus sufficient to constitute a waiver of the privilege.

    However, under California law (which governs this diversity action), the scope of a waiver of privilege is narrowly defined and the information required to be disclosed must fit strictly within the confines of the waiver. *See Transamerica Title Ins. Co. v. Superior Court*, 188 Cal.App.3d 1047 (1987). Here, Plaintiff disclosed advice from Plaintiff's counsel to Plaintiff containing no more than a recommendation that Plaintiff wait before filing suit or initiating an audit. Defendant has not shown that the nature of this disclosure inherently warrants a finding that Plaintiff has waived the privilege as to all communications between Plaintiff and attorney Kohler regarding the history and intent of the Software License Agreement, and the parties' disputes over royalty reports and the alleged escrow deposit violation. Nor has Defendant shown that Plaintiff has used the information as a "sword" in such a way that it would be inequitable at this time to shield from disclosure other attorney-client communications. Under all the circumstances of this case, and the mandates of California law, the court finds that the scope of Plaintiff's waiver of privilege is limited to the specific documents Plaintiff already produced to Defendant.

Dated: *5/30/07*

                                          PATRICIA V. TRUMBULL
                                          United States Magistrate Judge