1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                          NORTHERN DISTRICT OF CALIFORNIA

10                                 SAN JOSE DIVISION

11

12   REVOLUTIONARY SOFTWARE, INC.,    )      Case No.: C 05-3127 JW (PVT)
                                      )
13                  Plaintiff,        )      **ORDER RE DEFENDANT'S MOTION**
                                      )      **FOR PROTECTIVE ORDER**
14          v.                        )
                                      )
15   ECLIPSYS CORPORATION,            )
                                      )
16                  Defendant.        )
     _____)
17

18          On May 29, 2007, the parties appeared before Magistrate Judge Patricia V. Trumbull for

19   hearing on Defendant's Motion for Protective Order.[1]  Based on the briefs and arguments presented,

20          IT IS HEREBY ORDERED that Defendant's motion for protective order is DENIED.

21          Federal courts may issue a protective order if the moving party shows "good cause" for its

22   issuance.  FED. R. CIV. P. 26(c).  A party asserting good cause must demonstrate that specific harm

23   or prejudice will result without the requested protection.  *See Foltz v. State Farm Mut. Auto. Ins. Co.*,

24   331 F.3d 1122, 1130 (9th Cir. 2003).  "Broad allegations of harm, unsubstantiated by specific

25   examples or articulated reasoning, do not satisfy the Rule 26(c) test."  *Beckman Indus., Inc., v.*

26   *International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).  Here, Defendant has not shown good

27

28   _____

     [1]      The holding of this court is limited to the facts and the particular circumstances
     underlying the present motion.

                                    ORDER, *page 1*

1   cause that would warrant entry of a protective order.  Defendant's motion is based on no more than

2   the kind of unsubstantiated broad allegations of harm that are insufficient to warrant issuance of a

3   protective order under Ninth Circuit case law.

4          Defendant is not seeking an order precluding Plaintiff from *all* contact with Defendant's

5   customers because it concedes that Plaintiff is entitled to use public information statutes such as the

6   Freedom of Information Act ("FOIA") and the California Public Records Act ("CPRA") to obtain

7   non-confidential information from Defendant's government customers.  Instead, Defendant is

8   seeking an order requiring Plaintiff to: 1)  identify all of Defendant's customers that Plaintiff has

9   already contacted; 2) refrain from directly contacting Defendant's customers, other than government

10  customers contacted solely pursuant to FOIA, CPRA or analogous statutes; 3) refrain from *ex parte*

11  communications with those customers (or provide Defendant with copies of any documents and

12  transcripts of any discussions); and 4) when it contacts customers, inform them of the pending

13  litigation between the parties.  Defendant has not shown that any of the requested protection is

14  warranted.

15         ***1.       Identification of the Customers Plaintiff Has Already Contacted***

16         No protective order is necessary for the first item of relief Defendant seeks.  The proper

17  procedure for obtaining such information is to propound an interrogatory.

18         Defendant argues it needs the information more quickly, so that it can have an opportunity to

19  remind its customers what information should not be disclosed.  However, lack of an opportunity to

20  provide such reminders will only "harm" Defendant if Defendant has failed to include in its

21  customer contracts adequate protections for its confidential information.[2]  Under those

22  circumstances, the failure to include protection for the information renders the information non-

23  confidential because it is readily available to the public through FOIA and similar statutes.

24  Protection would thus not be warranted under Rule 26 (c), because Rule 26(c) is not intended to

25  protect *public* information from public disclosure.

26

27

28
_____

[2]      The fact Defendant is even making this argument suggests that Defendant has little
confidence that it did include such protections in its contracts.

1

2
      **2.**     *Contact with Defendant's Customers, Other than Pursuant to FOIA, CPRA or Analogous Statutes*

3
      Defendant has not shown that Plaintiff has contacted, or intends to contact, any of

4
Defendant's customers other than pursuant to FOIA, CPRA or analogous statutes.  Nor has

5
Defendant shown any likelihood that Defendant would suffer any harm or prejudice if Plaintiff does

6
contact customers outside of the context of a public records act request.  *Cf. Murata Manufacturing*

7
*Co., Ltd. v. Bel Fuse, Inc.*, 2004 WL 1194740 (N.D.Ill. 2004) ("Bel Fuse has come forward with a

8
factual basis demonstrating that there is a significant risk that it [sic] customer relationships would,

9
in fact, be disrupted").[3]

10
      Defendant argues, without any factual support, that Plaintiff's contacts with Defendant's

11
customers somehow puts Defendant's trade secrets at risk and "may" damage Defendant's business

12
relationships with its customers.  Defendant has submitted the declaration of one of its Senior Vice

13
Presidents, Jay Colfer, which sets forth facts regarding the confidentiality of Defendant's pricing and

14
"other" contract terms with its customers, and of unspecified technological and methodological data

15
regarding its software products.  However, Defendant has submitted no declaration or other evidence

16
showing that any confidential information has actually been disclosed to Plaintiff.  And any

17
information a customer does produce to Plaintiff is by definition likely *not* a trade secret, because

18
such production would raise a strong inference that Defendant had not taken reasonable steps to

19
ensure the information was kept secret.  *See, e.g.*, CAL.CIV.CODE § 3426.1(d) ("'Trade secret' means

20
information, including a formula, pattern, compilation, program, device, method, technique, or

21
process, that: . . . . [i]s the subject of efforts that are reasonable under the circumstances to maintain

22
its secrecy.")

23
      Further, Defendant has submitted no declaration at all discussing what impact on its customer

24
relationships, *if any*, results from Plaintiff contacting Defendant's customers.  Defendant's

25
governmental customers are routinely subjected to public information requests.  Defendant has made

26
---

27

28
    [3]     The other customer-contact cases cited by Defendant are from district courts outside of the Ninth Circuit.  To the extent those courts issued protective orders precluding a party from contacting another party's customers without first requiring the moving party to show the specific harm or prejudice that would result without the requested protection, those cases are contrary to Ninth Circuit law and inapplicable in this jurisdiction.

no showing that such requests in any way interfere with the relationships between the governmental entity and the various companies about whom information is requested.

### 3. Ex Parte Contacts with Defendant's Customers

As discussed above, Defendant has not shown that it is likely to suffer any harm or prejudice if its customers are contacted by Plaintiff. Because Defendant has failed to make *any* such showing, it is immaterial whether the contacts are "*ex parte*."

### 4. Notice Regarding Pendency of this Litigation

Defendant has not shown it is likely to suffer harm or prejudice if Plaintiff does not disclose the pendency of this litigation to the customers it contacts. Defendant argues that if informed of this litigation, a customer could invoke the protections of the blanket Protective Order filed herein. While such a procedure might be of benefit to Defendant, there is no "harm" to Defendant if the customers are not informed of the litigation. In the latter situation, the customer presumably will *not* produce information that is subject to confidentiality agreements with Defendant. Mere speculation that a governmental entity *might* on occasion mistakenly disclose information it has agreed to keep confidential is not a sufficient basis for issuance of an order placing restrictions on Plaintiff's right to investigate its claims through public information statutes such as FOIA and CPRA.

Dated: *6/6/07*

*Patricia V. Trumbull*

PATRICIA V. TRUMBULL
United States Magistrate Judge

ORDER, *page 4*