GIBSON, DUNN & CRUTCHER LLP
DENIS R. SALMON, SBN 072500
MICHAEL B. SMITH, SBN 235764
JOSEPH W. GUZZETTA, SBN 233560
1881 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

Attorneys for Defendant
ECLIPSYS CORPORATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REVOLUTIONARY SOFTWARE, INC., a California Corporation<br><br>Plaintiff,<br><br>v.<br><br>ECLIPSYS CORPORATION, a Delaware Corporation<br><br>Defendant. | CASE NO. C-05-03127 JW<br><br>**ECLIPSYS CORPORATION'S RESPONSE TO THE OBJECTIONS OF REVOLUTIONARY SOFTWARE, INC. TO THE SECOND REPORT OF THE SPECIAL MASTER** |
| ECLIPSYS CORPORATION, a Delaware Corporation<br><br>Counterclaimant,<br><br>v.<br><br>REVOLUTIONARY SOFTWARE, INC.,<br><br>Counterdefendant. | |

Defendant and Counterclaimant Eclipsys Corporation ("Eclipsys") hereby responds to the objections (the "Objections") of Plaintiff and Counterdefendant Revolutionary Software, Inc. ("RSW") to the Second Report of the Special Master in this action. RSW's objections are not substantive — rather, they largely reassert the meritless objections that RSW already made to both the appointment of the Special Master and to his first report. The Court overruled those objections, and should overrule RSW's current iteration of them with respect to the Second Report. The Special

Master's report is thoughtful, detailed and clear and RSW has not presented the Court with any facts or expert opinions calling into question the Special Master's methodology or conclusions. Eclipsys therefore respectfully urges the Court to overrule RSW's objections and adopt the findings of the Special Master.[1]

### A. RSW HAS MADE NO SUBSTANTIVE OBJECTION TO THE SPECIAL MASTER'S REPORT

None of RSW's objections to the Second Report questions the accuracy of the Special Master's findings — they are merely objections to his process and appointment.[2] RSW objects that the Special Master did not examine all relevant Eclipsys products (*see* Objections at 6:11-18), that the Special Master spent too much time on his report (*see* Objections at 7:9-10) and that the Special Master's findings may not be admissible (*see* Objections at 7:10-12). RSW also once again opposes the appointment of the Special Master and contends that "discovery [is] a more productive way of obtaining information that will help resolve our product and accounting issues." Objections at 7:12-14. None of these objections is supported by legal authority or factual basis, much less the conclusions of any person as qualified or unbiased as the Special Master himself.

RSW's objections to the Special Master's appointment and proposed task were overruled by this Court months ago. *See* March 16, 2007 Order Designating Special Master's Initial Task; Overruling Plaintiff's Objections To The Special Master's Recommendation (Docket No. 72). RSW has offered neither evidence nor the opinion of a qualified expert that the Special Master's

---

[1] RSW's publicly-filed response improperly quotes from the Second Report, which has been designated CONFIDENTIAL pursuant to the Stipulated Protective Order in this case. *See* Stipulated Protective Order (Docket No. 73) ¶ 11 ("A party seeking to file any document that discloses information designated CONFIDENTIAL must follow the procedures set forth under Civil Local Rule 79-5."). Eclipsys will work with RSW to determine which portions of the Second Report may be undesignated so that they may be publicly filed in the future.

[2] RSW also questions the Special Master's memory. *See* Objections at 6:19-23. RSW's *ad hominem* attacks on the Special Master in no way detract from the reliability of his conclusions.

methodology is flawed or that the Special Master's findings were incorrect.[3]  RSW's complaint that the Special Master's opinion should be subject to "independent review and verification" also is without merit — the Special Master *is* the independent review and verification on technical matters in this case.  Of course, as further discussed below, RSW was free to retain its own expert to review and verify the work of the Special Master.  The fact that RSW has chosen not to do so is hardly a reason to discount the work and findings of the Special Master.

RSW also complains that the Second Report lacks "precise terminology and [uses] confusing product nomenclature."  Objections at 5:12-14.  By complaining about the Special Master's terminology, RSW seeks to inject ambiguity where there is none.  For example, RSW claims that "throughout the Second Report, the Special Master uses the name Sunrise Clinical Manager ("SCM") to refer to Eclipsys' current XA software, although Eclipsys used this same product name as early as 1998 and 1999 to refer to a suite of products that were based on Emtek CIMS."  Objections at 5:21-25.  As an initial matter, RSW's factual predicate is simply wrong — Eclipsys never used the name "Sunrise Clinical Manager" (or "SCM") to refer to any product based on Emtek CIMS.  In any event, how Eclipsys may historically have used certain terms is irrelevant to whether those terms are clearly defined in the Second Report — which they are.

The Special Master's report is clear and the Special Master did exactly what this Court ordered him to do.  In March 2007, when overruling RSW's objections to the Special Master's first report, the Court ordered the Special Master to investigate "the possible presence of the Licensed Software in Defendant's Sunrise Clinical Manager" product.  *See* Docket No. 72 ¶ 1.  This is precisely what the Special Master did, and RSW has given the Court no reason to doubt the Special Master's conclusions.

---

[3] Counsel for RSW, the sole attributed source of RSW's objections, is not qualified to opine on such matters.  *See, e.g.,* Fed R. Evid. 702.

### B. RSW HAS HAD AMPLE TIME TO EXAMINE THE MATERIALS ECLIPSYS MADE AVAILABLE TO THE SPECIAL MASTER

RSW complains that it has not had an opportunity to review the materials Eclipsys provided to the Special Master. *See* Objections at 4:10-5:7. This objection is disingenuous. As RSW admits, RSW had access — through its attorneys and consultants — to *exactly the same materials provided to the Special Master.* Objections at 4:13-15; *See also* Declaration of Michael B. Smith ("Smith Decl."), Ex. A. To the extent that RSW is objecting that RSW's *principals* did not have access to source code or other highly sensitive development documents designated ATTORNEYS AND CONSULTANTS ONLY under the Stipulated Protective Order, this objection is entirely without merit. RSW itself agreed to that restriction, which was necessary to protect both parties' trade secrets. *See* Docket No. 73 ¶ 5. If RSW now wishes to challenge the terms of the Protective Order, or Eclipsys's designation of those materials, it is free to raise those issues with the Court.[4] *See, e.g., id.* ¶ 14(a) (party may "apply[] to the Court for an Order permitting a disclosure or use of information or documents otherwise prohibited by this Protective Order.").

RSW also objects that Eclipsys did not answer certain questions RSW posed regarding the materials provided to the Special Master. Notably, RSW does not share the actual questions with the Court. RSW's questions were not designed to obtain factual information about what was provided to the Special Master, but to elicit admissions regarding the fundamental issues in this case, such as the definition of a "workstation". *See, e.g.*, Smith Decl., Ex. C ("Is the laptop a server or a workstation?" "Can any workstation access the material being provided remotely to the Special Master?"). As Eclipsys advised RSW at the time, Eclipsys will respond to appropriate discovery requests but cannot agree to answer such loaded questions informally. *See* Smith Decl, Ex. D.

---

[4] RSW also suggests in its Objections that the Special Master found that certain internal software development documents were not properly designated by Eclipsys as ATTORNEYS AND CONSULTANTS ONLY under the Protective Order. *See* Objections at 5:2-4. Not only did the Special Master make no such finding, but the Special Master previously had specifically cautioned RSW's counsel against making such a misrepresentation. *See* Smith Decl., Ex. B ("Please note that I did not state yesterday that the material 'could be shown . . . without significant harm'. Rather I indicated that it was not apparent to me why it could not with certain redactions.").

None of this, however, is germane to the Court's adoption of the Special Master's report.

## C. RSW'S APPLICATION FOR AN ORDER MODIFYING THE SPECIAL MASTER'S REPORT IS IMPROPER.

Finally, RSW requests that the Court modify the Second Report. *See* Objections at 7:15-8:1. RSW's request improper, as RSW did not file a noticed motion to modify the Second Report as required by the Federal Rules. *See* Fed. R. Civ. P. R. 53(g)(2) ("[a] party may file objections to – *or a motion to adopt or modify* – the master's [] report.") (emphasis added). In any event, the modifications RSW seeks are — at best — unnecessary: they seek "clarification" where none is required.

RSW's first requested modification (that the report be "clarified" to specify that its findings were based on "a single Eclipsys product") is extremely puzzling given that RSW admits elsewhere that the Special Master examined "two Eclipsys products." *See* Objections at 5:19-20. RSW's second and third proposed modifications, that the Second Report "[f]urther specify and clarify" the names, product numbers, and release dates of the software examined, is simply unnecessary; the Second Report is sufficiently clear regarding what software was examined. Objections at 7:20-23. Moreover, it is clear from RSW's papers that what RSW does not find the Second Report unclear, it simply wishes to argue that Eclipsys has made statements inconsistent with the Special Master's findings. *See, e.g.,* Objections at 7:23-8:1. RSW is free to make these arguments (should it ever find evidence to support them) to the Court at the appropriate time, such as in a dispositive motion or at trial. Such arguments should not, however, delay the Court's adoption of the Special Master's Second Report.

5

ECLIPSYS'S RESPONSE TO RSW'S OBJECTIONS               CASE NO. C-05-03127 JW
TO THE SECOND REPORT OF THE SPECIAL MASTER

Gibson, Dunn & Crutcher LLP

**CONCLUSION**

The Special Master's report is clear, precise and dispositive of the technical issues presented to him. None of RSW's objections detracts from the reliability or conclusiveness of the Second Report. Eclipsys respectfully urges this Court to overrule RSW's objections and adopt the Special Master's findings in the Second Report.

DATED:  June 8, 2007               GIBSON, DUNN & CRUTCHER LLP


By: _____/s/_____
                    Michael B. Smith

Attorneys for Defendant
ECLIPSYS CORPORATION

100240084_2.DOC